UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. LAKNER,<br><br>                             Plaintiff,<br>   v.<br><br>LEWIS BALKE, et al.,<br><br>                            Defendants. | CASE NO: 08-CV-1791 W (CAB)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

     On October 1, 2008, Plaintiff James S. Lakner filed this civil rights lawsuit against Defendants under 42 U.S.C. §1983. Along with the Complaint, Plaintiff filed a Motion for Declaratory and Injunctive Relief and Temporary Restraining Order (the "Motion"). It appears that the Motion was not served on Defendants, and accordingly Plaintiff seeks an ex parte TRO. For the reasons set forth below, the Court **DENIES** the Motion without prejudice.

## I.     Factual Background.

Plaintiff's residence was burned down in the October 2003 Cedar Fire. (*Mot.*, p.1.) Twice in 2006 and four times in 2007, Plaintiff submitted plans to the County Building Department to rebuild his home. (*Id.*, p.2.) Each time, the plans were rejected because his property was "red flagged" by the zoning department. (*Id.*)

In 2006, the County Zoning Department cited Plaintiff for a solid waste nuisance. (*Id.*) Plaintiff was able to defeat the citation at an administrative agency appeal hearing, but Plaintiff was unable to get the red flag removed. (*Id.*)

Beginning in 2007, Plaintiff alleges that Defendants began a campaign to unjustly issue citations to Plaintiff in order to justify an abatement action. (*Id.* pp.3–5; *Compl.* pp.3–6.) These actions included Defendants' ordering SDG&E to disconnect electrical services to Plaintiff's residence on June 4, 2008. (*Compl.* p.3.) As a result of losing electrical services, Plaintiff alleges he is forced to use gasoline generators at a monthly cost of approximately $1100. (*Id.*)

Based on these actions, on October 1, 2008, Plaintiff filed this lawsuit alleging that the Defendants violated a number of Plaintiff's civil rights, including property rights, rights of accused, freedom from cruel and unusual punishment, freedom of speech. (*Id.* p.3.) Plaintiff further alleges equal protection and due process violations. (*Id.* pp.4–5.)

Along with the complaint, Plaintiff also filed the pending Motion seeking a TRO. There is no indication that either the Motion or Complaint have been served on Defendants.

## II.    Discussion.

The Federal Rules of Civil Procedure outline the procedures a federal court must follow when deciding whether to grant a temporary restraining order. See Fed.R.Civ.P. 65. The standard for granting a temporary restraining order is the same for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309,

1313 (E.D. Cal. 1996); <u>Franklin v. Scribner</u>, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D. Cal. May 21, 2007).  The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.  The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits... [T]he required degree of irreparable harm increases as the probability of success decreases.

<u>Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.</u>, 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting <u>Miller ex. rel. N.L.R.B. v. Cal. Pac. Med. Ctr.</u>, 19 F.3d 449, 456 (9th Cir. 1994)).  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70</u>, 415 U.S. 423, 439 (1974); <u>accord</u> <u>L.A. Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980); <u>Del Toro-Chacon v. Chertoff</u>, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006).

Here, Plaintiff has failed to satisfy any of the elements necessary to obtain an ex parte TRO.  First, although being forced from one's home may constitute irreparable harm, there is simply no indication in the Motion or Complaint that Plaintiff's removal from his property is imminent. Accordingly, Plaintiff has failed to justify seeking a TRO, particularly on an ex parte basis.[1]

---

[1] If Plaintiff wants to pursue a motion for a preliminary injunction, he must first serve Defendants with the summons, Complaint and preliminary injunction motion. Additionally, this Court's local rules require the Plaintiff to contact the Court's law clerk in order to obtain a hearing date for the preliminary injunction motion, before the motion is filed.  (<u>See</u> Civ.L.R. 7.1(b).)

Second, Plaintiff has failed to establish a likelihood of prevailing on his claims. In the Motion, Plaintiff simply alleges that "Defendant's have violated several of Plaintiff's rights and he is confident that he will eventually prevail on the merits of this case." (*Mot.* p.6.)  This conclusory statement is insufficient.  Rather, Plaintiff must identify the legal standards for each claim included in his complaint and applying the facts to law, demonstrate why he will prevail.  Plaintiff has failed to do so.

### III. Conclusion & Order.

Because Plaintiff has failed to establish imminent irreparable injury and a likelihood of success on the merits, Plaintiff's ex parte Motion for a TRO is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 2, 2008

_____
Hon. Thomas J. Whelan
United States District Judge